JOHN E. LYNCH & CO. *vs.* GEORGE FARNELL, Admr.

PROVIDENCE—NOVEMBER 14, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Probate Law and Practice. Statute of Limitations. Notice by Executor.*

Gen. Laws cap. 218, § 9, provides that no executor or administrator shall be held to answer to the suit of a creditor of the deceased, except on bond as otherwise provided, unless the suit is commenced within two years from the date of the first publication of the appointment of the first executor or administrator.

B. was appointed executor of A. August 9, 1898, but gave no notice of his appointment. Plaintiff presented his bill to B., on which he was paid by B. on account. December 12, 1899, C. was appointed administrator *de bonis non* with the will annexed. Plaintiff presented his bill to C. within six months after the first advertisement of his appointment :—

*Held*, that the statute did not begin to run until after the notice by C.

*Held*, further, that the fact of the part payment by B. did not affect the operation of the statute.

CASE STATED ON AGREED STATEMENT OF FACTS. Judgment for plaintiffs.

STINESS, C. J.  The agreed statement of facts shows that Mary G. Comstock died June 27, 1898 ; that George F. Comstock was appointed executor of her will August 9, 1898 ; he gave no notice of his appointment as executor ; he continued as executor until December 12, 1899 ; the plaintiffs presented to him their bill for the funeral expenses of the testatrix, on which he paid them, on account, the sum of forty dollars August 12, 1898 ; on December 12, 1899, the defendant was appointed administrator *de bonis non* with the will annexed ; the plaintiffs presented their bill to the defendant within six months after the first advertisement of his appointment.  This suit was brought November 9, 1901.

(1)     It is to be noted that this case differs from *Knowles v. Whaley*, 15 R. I. 97, and *MacNeill v. Gallagher*, 24 R. I. 490, in the fact that the present claim is not barred by the general statute of limitations.   Hence the question is whether it is barred by the special statute in favor of executors and administrators, Gen. Laws cap. 218, § 9, which provides that no executor or administrator shall be held to answer to the suit of a creditor of the deceased, except on bond as otherwise provided, unless the suit is commenced within two years from the date of the first publication of the appointment of the first executor or administrator.

This limitation differs materially from the previous law, in which the limitation was within three years after the will shall be proved or administration granted.  See Pub. Stat. cap. 205, § 9.   Decisions under former statutes do not apply to the present law, except so far as they determine that the general statute of limitations is reduced by the special statute in favor of executors and administrators when these officers comply with the terms of the law which fixes the time from which their exemption is to run.   *Knowles v. Whaley*, 15 R. I. 97 ; *In re Johnson*, 15 R. I. 438 ; *Bosworth v. Smith*, 9 R. I. 67.

The facts in the present case show that the executor gave no notice of his appointment, as required by law.   While, as said in the cases last cited, this is not a condition precedent to his qualification, it is held in those cases that the giving of the

notice fixes the time from which the special limitation begins to run.    This must be so from the terms of the statute.

The defendant suggests that by the payment of money to the plaintiffs on account of their bill they had actual notice that the executor had qualified, and therefore the published notice was unnecessary as to them.    Doubtless for some purposes, this might be so ; but in this case the fact could not alter the terms of the statute, for without the notice no time is fixed for the statute to run at all.    Moreover, actual knowledge that one is acting as an executor is not legally or equitably incompatible with the presumption that the plaintiffs were forbearing to bring a suit, because they had ample time so long as the statutory notice was not given.    Their conduct indicates this.    We do not think that the fact of a part payment affects the operation of the statute.

The action having been brought within two years after the first notice given, it is brought in time, even though it is a notice by an administrator *de bonis non* instead of the executor.

The plaintiffs are entitled to judgment.

Case remitted to District Court of Sixth Judicial District, with direction to enter judgment for plaintiffs.

*Frank Farnell*, for plaintiffs.
*George Farnell*, for defendant.